## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LARRY BERRIOCHOA,<br>              Appellant, | DOCKET NUMBER<br>DE-0752-13-0211-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>              Agency. | DATE: September 19, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

R. Bobby Devadoss, Esquire, Dallas, Texas, for the appellant.

Jaime L. Preciado, Esquire, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's indefinite suspension action.  For the following reasons, we DENY the appellant's petition for review.  Except as modified by the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

constitutional due process analysis set forth below, we AFFIRM the initial decision. The agency's indefinite suspension action is SUSTAINED.

## BACKGROUND

¶2 The appellant was formerly employed as a Federal Air Marshal (FAM) with the Transportation Security Administration (TSA). Initial Appeal File (IAF), Tab 1 at 1, Tab 16 at 25. As a condition of employment, a FAM is required to obtain and maintain a top secret security clearance. IAF, Tab 16 at 99. By memorandum dated January 4, 2013, the TSA's Personnel Security Section notified the appellant that his top secret security clearance was suspended, effective immediately, pending an internal agency review. *Id*. at 46-47. The memorandum indicated that the clearance suspension was based on potentially disqualifying information regarding the appellant's alcohol consumption and personal conduct. *Id*. at 46.

¶3 By notice dated January 24, 2013, the agency proposed to indefinitely suspend the appellant based on the suspension of his security clearance. *Id*. at 41-43. The proposal informed the appellant that he had 7 calendar days from his receipt of the decision to make an oral and/or written reply. *Id*. at 42. The appellant responded in writing to the deciding official. *Id*. at 33-39. By letter dated March 1, 2013, the deciding official notified the appellant that he was suspended without pay, effective that date, and that the suspension would remain in effect until the resolution of the appellant's security clearance status. *Id*. at 27-31. The appellant timely filed an appeal with the Board on March 11, 2013.[2] IAF, Tab 1.

¶4 The administrative judge issued an initial decision affirming the agency's action. IAF, Tab 22, Initial Decision (ID) at 2, 10. He found that the agency had

---

[2] On May 15, 2013, the agency issued a decision removing the appellant from federal service on that date. *See Berriochoa v. Department of Homeland Security*, MSPB Docket No. DE-0752-13-0326-I-1. The appellant has filed a separate appeal of his removal. *Id*.

established the merits of its action by preponderant evidence and that it established nexus. ID at 3-4, 9-10. He further found that, in the absence of an agency regulation requiring that the agency attempt to reassign an employee who has lost his security clearance, the Board lacks the authority to review the feasibility of reassignment. ID at 9-10.

¶5          In addition, the administrative judge addressed the appellant's assertion that the agency had denied him constitutional due process when it indefinitely suspended him. ID at 4-9. Citing to the Board's decision in *McGriff v. Department of the Navy*, 118 M.S.P.R. 89, ¶¶ 24-25 (2012), the administrative judge found that the appellant was entitled to due process concerning his indefinite suspension, and that the Board had authority to review whether due process was provided. ID at 4-5. Again citing *McGriff*, the administrative judge further found that in determining the requirements of due process, he would apply the balancing test employed in *Gilbert v. Homar*, 520 U.S. 924 (1997), and consider the following factors: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of the interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest. *See McGriff*, 118 M.S.P.R. 89, ¶¶ 27-28; *see Homar*, 520 U.S. at 931-32 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). In analyzing the *Homar*—more accurately, the *Mathews*—factors the administrative judge determined that the first and third factors were not dispositive. ID at 6. Regarding the second factor, the administrative judge found that the agency had adequately informed the appellant of the reasons for the indefinite suspension. ID at 6-8. The administrative judge further found that, although the deciding official had no authority to change the decision to suspend the appellant's security clearance, he had the authority to choose an alternative to the proposed indefinite suspension, such as placement on administrative leave. ID at 9. Hence, the administrative judge concluded, the appellant received a meaningful opportunity to respond to the proposed indefinite suspension. ID at 9.

¶6   The appellant timely filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response to the petition for review.  PFR File, Tab 3.

¶7   On review, the appellant reiterates his contention that the agency failed to provide him with a meaningful opportunity to respond to the proposed indefinite suspension and thereby denied him constitutional due process in indefinitely suspending him.  PFR File, Tab 1 at 6-9.  First, the appellant argues that the agency denied him a meaningful opportunity to respond to the proposed indefinite suspension by failing to provide him with all of the materials relating to the suspension of his security clearance.  *Id*. at 6-7, 9.  In particular, the appellant contends the agency failed to provide him with a copy of the Incident Tracking Report.  *Id*. at 9.  Second, the appellant contends that he was denied a meaningful opportunity to persuade the deciding official to take an action other than the proposed indefinite suspension.  *Id*. at 8-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8   In *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988), the Supreme Court held that in an appeal of an adverse action under chapter 75 based on the denial or revocation of a required security clearance, the Board may not review the merits of the underlying clearance determination, but may review, inter alia, whether the employee's position required a security clearance, whether the security clearance was revoked, and whether the procedures set forth in 5 U.S.C. § 7513(b) were followed.  The holding in *Egan* has since been applied to indefinite suspensions based on the suspension of a security clearance.  *See Cheney v. Department of Justice*, 479 F.3d 1343, 1352 (Fed. Cir. 2007) (defining the Board's scope of review in a case involving an indefinite suspension based on the suspension of the appellant's security clearance); *see also Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000) (same).  While *Egan* also controls where an adverse action is taken under the TSA

personnel system, the procedural requirements of section 7513 are not directly applicable in such cases. *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 14 (2014). However, the Board has the authority under section 7701(c)(2)(A) to review the agency's compliance with its own procedures, which include the similar provisions of TSA Management Directive (MD) 1100.75-3.[3] *Id.*

The agency proved its charge and established nexus.

¶9      It is undisputed that the appellant's position was subject to a top secret security clearance and the clearance was suspended. IAF, Tab 16 at 46-47, 99. Accordingly, we agree with the administrative judge's finding that the agency proved its charge by preponderant evidence. ID at 10; *see Buelna*, 121 M.S.P.R. 262, ¶ 11 (sustaining an agency's charge of suspension of the appellant's top secret security clearance where the position required a security clearance and the clearance was suspended).

¶10     The administrative judge correctly found that an indefinite suspension based on the suspension of a required security clearance promotes the efficiency of the service. ID at 9-10; *see Buelna*, 121 M.S.P.R. 262, ¶ 11; *see also Jones v. Department of the Navy*, 978 F.2d 1223, 1226-27 (Fed. Cir. 1992). Such an action is also expressly authorized under the TSA personnel system. *Buelna*, 121 M.S.P.R. 262, ¶ 11; *see* MD 1100.75-3 Handbook, § J(1)(d) (2009).

¶11     Consideration of the *Douglas* factors would be inappropriate in this case, because in the absence of a statute or regulation requiring the agency to seek out alternative employment, we lack authority to review whether the lesser sanction

---

[3] The provisions of MD 1100.75-3 and the accompanying Handbook, rather than chapter 75, govern disciplinary actions against TSA employees. *Buelna*, 121 M.S.P.R. 262, ¶ 5 n.2.

of reassignment to a position not requiring a security clearance would have been feasible.[4]  *Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 12 (2014).

The appellant has failed to show that the agency violated his constitutional due process rights in indefinitely suspending him.

¶12     While this appeal was pending on review, the Federal Circuit issued its decision in *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181 (2013). Following *Gargiulo*, the Board issued its decision in *Buelna*, in which it reaffirmed its authority to determine whether an agency afforded an appellant due process in taking an adverse action based on a security clearance determination but clarified its recent analysis of the *Mathews* factors in *McGriff*. *See Buelna*, 121 M.S.P.R. 262, ¶¶ 15, 18.  The administrative judge did not have the benefit of *Buelna* when the initial decision was issued; accordingly, to the extent the administrative judge's constitutional due process analysis is inconsistent with *Buelna*, it is hereby modified.

¶13     As noted by the administrative judge, the second *Mathews* factor—the risk of erroneous deprivation of the interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards—is decisive here.  ID at 6; *see Buelna*, 121 M.S.P.R. 262, ¶¶ 16, 21.  In considering this factor, the Board clarified in *Buelna* that, for purposes of responding to the charge, due process does not require an opportunity to contest the merits of the clearance determination.  *Buelna*, 121 M.S.P.R. 262, ¶¶ 23-24.  The Board further clarified that, as to the charge, the agency was not required as a matter of constitutional due process to notify the appellant of the specific reasons for the suspension of the security clearance.  *Id*., ¶ 25.  Rather, it is sufficient for an agency to inform the appellant that his position required a security clearance, and that he could no longer hold his position once his clearance was suspended.  *Id*.

---

[4] As noted by the administrative judge, the appellant does not contend that the agency has an official policy requiring reassignment following the suspension of a security clearance.  ID at 9.

The appellant in this case received adequate notice of these essential facts with the notice of proposed suspension. Accordingly, we find that the agency provided the appellant with minimum due process of law regarding the charge.

¶14    Even if due process does not require notice of the factual basis for the underlying security clearance determination concerning the charge, the appellant was still entitled to notice of this information if the deciding official's penalty determination was influenced by it. *See id*., ¶ 31. The appellant in this case has not established that the deciding official relied on any information that had not already been provided to the appellant along with the proposal notice. As noted by the administrative judge, the deciding official declared under penalty of perjury that he relied exclusively on the materials enclosed with the proposal notice and the appellant's written response in making his decision to indefinitely suspend the appellant. ID at 7; IAF, Tab 19 at 23. Moreover, even if the deciding official did consider additional information beyond what was included in the proposal notice, the appellant has not established that the information considered was new and material. *See Buelna*, 121 M.S.P.R. 262, ¶ 32; *see also Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375 (Fed. Cir. 1999) (explaining factors that are relevant to determining whether an ex parte communication introduces new and material information).

¶15    The appellant's contention that he was denied a meaningful opportunity to persuade the deciding official to take an action other than the proposed indefinite suspension is also unavailing. PFR File, Tab 1 at 8-9. To the extent there may have existed viable alternatives to suspension without pay, e.g., placement on administrative leave, the appellant had a due process right to invoke the discretion of a deciding official to select such alternatives. *See Buelna*, 121 M.S.P.R. 262, ¶ 28. Here, as noted by the administrative judge, the deciding official declared under penalty of perjury that he had authority to choose alternatives to the proposed indefinite suspension, including placing the appellant on administrative leave. ID at 9; IAF, Tab 19 at 23-24. The appellant

has not rebutted this evidence, and we conclude that he was afforded an opportunity to invoke the discretion of a deciding official with authority to change the outcome of the proposed action to the extent that may have been feasible. *See Buelna*, 121 M.S.P.R. 262, ¶ 28. Based on the foregoing, we conclude that the appellant has not shown that he was denied due process.

The appellant did not establish harmful procedural error.

¶16 To prove harmful procedural error, an appellant must prove that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See* 5 C.F.R. § 1201.56(c)(3). The relevant procedures in this case are set forth in the MD 1100.75-3 Handbook, which provides, inter alia, that an employee facing an adverse action receive written notice stating the charges and specifications and a description of the evidence that supports the charge. MD 1100.75-3 Handbook, § I(2)(a)(i) (2009). The directive further provides that the employee is entitled to see the materials relied upon to support each charge and specification. *Id.*, § I(2)(a)(x). In addition, the employee must be provided an opportunity to respond orally and in writing to a deciding official who will consider the replies and decide the outcome based on all of the evidence of record and the applicable *Douglas* factors. *Id.*, § I(2)(c).

¶17 To the extent the appellant is attempting to assert that the agency failed to comply with its procedures in indefinitely suspending him, we find that any such claim lacks merit.[5] The notice suspending the appellant's security clearance,

---

[5] In determining whether the agency provided the appellant with requisite procedural protections, the administrative judge appears to conflate the question of whether the agency denied the appellant due process with the question of whether it committed harmful error. *See* ID at 4-9. In any event, any such error does did not prejudice the appellant's substantive rights because the agency correctly provided the appellant with the procedural protections under MD 1100.75-3 in indefinitely suspending him. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory

coupled with the notice proposing his indefinite suspension, informed him of the basis for the suspension of his security clearance, i.e., the appellant's alleged alcohol consumption and personal conduct. We find this was sufficient information to allow for an informed response, as required under agency procedures. *See Buelna*, 121 M.S.P.R. 262, ¶ 34 (finding the agency provided the appellant with sufficient information to make an informed response when it notified him that his security clearance was being suspended based on alleged fraudulent claims, then informed him he was being indefinitely suspended based on the suspension of his security clearance).

¶18    As mentioned above, the appellant has not shown by preponderant evidence that the agency failed to provide any additional evidence on which the deciding official relied. Assuming arguendo that the agency did commit procedural error in that regard, the appellant has not shown that the agency was likely to have reached a different decision in the absence of that error. Furthermore, as discussed above, the appellant was provided the opportunity to respond orally and in writing to a deciding official with authority to decide the outcome of the proposed indefinite suspension. The appellant, therefore, has failed to establish harmful error. *See id*., ¶ 35. Accordingly, the appellant's indefinite suspension is SUSTAINED.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.